```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**CHARLES AARON BROOKS,**

                           **Plaintiff,**

                                            CIVIL ACTION
      **vs.**                                       No. 05-3419-SAC

**RICHARD ROGERS, et al.,**

                           **Defendants.**

<u>**ORDER**</u>

      Plaintiff, a prisoner incarcerated in USP-Hazelton in Bruceton Mills, WV, proceeds pro se a civil complaint seeking relief from various federal defendants. The court reviewed plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, and calculated the initial partial filing fee to be assessed pursuant to 28 U.S.C. § 1915(b)(1). By an order dated November 10, 2005, the court directed plaintiff to pay an initial partial filing fee of $22.50.

      Before the court are plaintiff's motions for reconsideration (Docs. 4 and 5).

      In his first motion for reconsideration, plaintiff simply provides a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 which essentially repeats information provided in plaintiff's earlier section 1915 motion. The court finds nothing in this pleading to warrant any modification of the fee order entered on November 10, 2005.

      In his second motion for reconsideration, plaintiff broadly

states only that his complaint against defendants in their personal and individual capacity is filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and is to be reviewed under standards appropriate for proceeding under 28 U.S.C. § 1331.

To the extent plaintiff's motions can be liberally read as encompassing an objection to the initial partial filing fee assessed by the court, there is no merit to this objection. Section 1915, as amended by the Prison Litigation Reform Act in 1996, requires any prisoner bringing a civil action in federal court to pay the full filing fee. 28 U.S.C. § 1915(b)(1). The court is to assess and collect an initial partial filing fee. <u>Id</u>. After a prisoner has paid the initial partial filing fee assessed by the court under § 1915(b)(1), the remainder of the filing fee is to be satisfied by automatic payments from the prisoner's account as required by § 1915(b)(2). This statutory requirement for proceeding in federal court without prepayment of the entire filing fee clearly applies to a federal prisoner seeking relief under <u>Bivens</u>.

Finding nothing in plaintiff's motions to warrant modification of the order entered on November 10, 2005, the court denies plaintiff's motions. Plaintiff is granted a limited and final extension of time to pay the $22.50 initial partial filing fee assessed by the court. The failure to pay this assessed fee in a timely manner may result in the complaint being dismissed without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motions for reconsideration (Docs. 4 and 5) are denied.

IT IS FURTHER ORDERED that plaintiff is granted to and including January 6, 2006, to pay the $22.50 initial partial filing fee assessed by the court pursuant to 28 U.S.C. § 1915(b)(1).

**IT IS SO ORDERED.**

DATED:  This 15th day of December 2005 at Topeka, Kansas.

                               s/ Sam A. Crow
                               SAM A. CROW
                               U.S. Senior District Judge