IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES AARON BROOKS,**

        **Plaintiff,**

                   CIVIL ACTION
  vs.                No. 05-3419-SAC

**RICHARD ROGERS, et al.,**

        **Defendants.**

<u>ORDER</u>

  Plaintiff, a prisoner incarcerated in USP-Hazelton in Bruceton Mills, WV, proceeds pro se a civil complaint seeking relief from various federal defendants.  Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis.  Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

  Plaintiff seeks relief for the alleged violation of his rights in the alleged mishandling of a "commercial check" plaintiff submitted as payment for the $5.00 district court filing fee in a habeas action petitioner filed while he was incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN), <u>Brooks v. Gallegos</u>, Case No. 04-3379-RDR.  The "commercial check" was presented on a financing statement styled as payment of $100,000, with overpayment beyond the district court filing to be refunded to petitioner's inmate trust fund account.  Judge Rogers rejected this submitted payment and its directive for refund.  Plaintiff broadly

alleges embezzlement of the $100,000 "check" by Judge Rogers, the clerk of this court, and various federal officials.

The court is to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(a) and (b). Having reviewed plaintiff's allegations, the court finds this action should be dismissed.

Plaintiff seeks damages on allegations that defendants violated his constitutional rights and various federal criminal statutes by conspiring to prevent court docketing of his commercial check, and to withhold the crediting of funds to his inmate trust fund account.[1] *See* <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971)(citizens may sue federal officials for monetary damages in relation to constitutional deprivation). Plaintiff states he was thereby unable to purchase stamps, paper, and basic hygiene items from the commissary. The court finds these claims have no sound legal basis, and concludes the complaint should be dismissed as frivolous and malicious, as stating no claim for relief, and as seeking relief from defendants who are immune from such relief.[2]

---

[1] Plaintiff also alleges defendants violated provisions of the Uniform Commercial Code, the "Human Rights U.N. Charter 55.56," and the "United Nations Participation Act of 1945."

[2] A judge is absolutely immune from liability in a suit for monetary damages based on actions taken in the judge's judicial capacity. *See* <u>Mireles v. Waco</u>, 502 U.S. 9, 9-10 (1991)("it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to

Plaintiff also documents his administrative claim under the Federal Tort Claims Act (FTCA) for $289,000, the combined value of three "checks" he claimed were embezzled during his USPLVN confinement. The FTCA grants federal courts jurisdiction of civil actions on claims against the United States based upon the negligence of "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). However, the court finds any such claim in this case would be subject to summary dismissal as a frivolous claim. *See also* 28 U.S.C. § 2680(h)(waiver of sovereign immunity under § 1346 does not apply to claims arising out of misrepresentation or deceit).

Accordingly, for the reasons stated herein the court finds leave to amend the complaint to cure the identified deficiencies would be futile, and concludes the complaint should be summarily dismissed. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[3]

---

himself"). This broad judicial immunity extends to judicial acts done in error, maliciously, or in excess of authority. Stump v. Sparkman, 435 U.S. 349, 356 (1978). A judge is subject to liability only for those judicial acts taken in the "`clear absence of all jurisdiction.'" Id.(*quoting* Bradley v. Fisher, 80 U.S. 335 (1872)).

Likewise, the clerk of the court is immune from a claim for damages based on actions taken pursuant to the court's directive. *See* Briscoe v. LaHue, 460 U.S. 325, 335 (1983); Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir. 1981).

[3]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B) counts as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**IT IS SO ORDERED.**

DATED:  This 7th day of July 2006 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge