IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES AARON BROOKS,**

                            **Plaintiff,**

                                                        CIVIL ACTION
       **vs.**                                                          No. 05-3419-SAC

**RICHARD ROGERS, et al.,**

                            **Defendants.**

<u>ORDER</u>

    Plaintiff, a prisoner incarcerated in USP-Hazelton in Bruceton Mills, WV, proceeds pro se on a civil complaint seeking relief from various federal defendants. By an order dated July 7, 2006, the court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Before the court is plaintiff's notice of appeal and motion for reconsideration.

    Plaintiff's motion for reconsideration, filed more than ten days after the entry of judgment in this matter, is treated as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. See <u>Van Skiver v. U.S.</u>, 952 F.2d 1241 (10th Cir. 1991)(distinguishing motion to alter and amend judgment, Fed.R.Civ.P. 59(e), from motion for relief from judgment, Fed.R.Civ.P. 60(b)), *cert. denied* 506 U.S. 828 (1992).

    A Rule 60(b) motion is not a vehicle to reargue the merits of the underlying judgment, to advance new arguments which could have been presented in the parties' original motion papers, or as a

substitute for appeal.[1]  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576-77 (10th Cir. 1996).  Having reviewed plaintiff's initial and supplemented motion, the court finds no reason has been demonstrated to warrant the extraordinary relief afforded under Rule 60(b). *See* Amoco Oil Co. v. United States Environmental Protection Agency, 231 F.3d 694, 697 (10th Cir. 2000)(relief under Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances").

Plaintiff filed his notice of appeal without prepayment of the $455.00 appellate filing fee.  Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay that full filing fee in his appeal.  If granted leave to proceed in forma pauperis on appeal, plaintiff is entitled to pay the appellate filing fee over time, as provided by payment of an initial partial appellate filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2).  Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding

---

[1] Rule 60(b) provides in relevant part:
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

district court fee obligation in this case, the court grants plaintiff leave to proceed in forma pauperis on appeal without payment of an initial partial appellate filing fee. Once this prior fee obligation has been satisfied, however, payment of the full appellate fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Docs. 11), construed by the court as a motion filed pursuant to Fed.R.Civ.P. 60(b), is denied.

IT IS FURTHER ORDERED that plaintiff is granted leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

DATED:  This 21st day of September 2006 at Topeka, Kansas.

>   s/ Sam A. Crow
> SAM A. CROW
> U.S. Senior District Judge